COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO. 2-06-337-CR

 

 

GLEN DALE
BELL                                                                 APPELLANT

 

                                                   V.

 

THE STATE
OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

A jury convicted Appellant Glen Dale Bell of
indecency by contact with a child under seventeen years of age, and after
finding an enhancement paragraph true, the trial court sentenced him to life
imprisonment.  In two points, Appellant
contends that the evidence is legally and factually insufficient








to support his conviction. 
Because we hold that the evidence is legally and factually sufficient,
we affirm the trial court=s judgment.

The indictment alleged that 

on or about the 20th day
of August 2005, [Appellant] did THEN AND THERE INTENTIONALLY, WITH THE INTENT
TO AROUSE OR GRATIFY THE SEXUAL DESIRE OF [Appellant], ENGAGE IN SEXUAL CONTACT
BY TOUCHING ANY PART OF THE GENITALS OF [the complainant], A CHILD YOUNGER THAN
17 YEARS AND NOT THE SPOUSE OF [Appellant].

 

The complainant testified that when she was
fifteen years old, she lived with her mother and Appellant, who was her
stepfather, for about two weeks in August 2005 in Azle, Texas.  One day, he told her that he Awanted some
pussy,@ and she
said, ANo.@  Later, on another day, she gave him a hug,
and then he touched her breast and her Acoochie,@ which
term the complainant said she used to refer to her Apussy.@  The complainant confirmed that she meant by
those terms that Appellant had touched her Aon [her]
genitals or [her] vagina[l] area.@  She testified that he touched her on her
genitals, over her clothes, with his fingers for Anot very
long.@








The complainant also testified that on a later
occasion when Appellant had told her to lie down in the couple=s
bedroom, he had come in and again told her that Ahe
wanted some pussy.@ 
She testified that he touched her that day on top of her clothes,
rubbing and feeling on her genitals for two or three minutes.

The complainant testified that he touched her Aprivate
area@ two or
three times in all, always in her mother and Appellant=s bedroom,
and that both incidents described above happened in Azle in August 2005, during
the Acouple
of weeks@ that
she was living with Appellant and her mother in a trailer.  The complainant also identified Appellant in
court.

The complainant=s
testimony conflicted with her sworn statement given to CPS in September
2005.  In that statement, she claimed
that Appellant had touched her private area on top of her clothes two or three
times while they were sitting on the couch in the living room.  In her testimony, she denied telling CPS
that, stating that those instances involved him touching her inner thigh near her
genitals, not her genitals.  The complainant=s
testimony also appeared to have some possible internal inconsistencies
regarding how many times Appellant said that he Awanted
some pussy,@ where he said it, and where the
various acts described above occurred.

Timothy D. Mustgrave, who had known Appellant for
about two years and had seen him at least monthly, testified that on September
23, 2005, Appellant told him that








he had had a relationship with a 16-year-old girl
that lived in his home, that he was common-law married to the little girl=s
mother[,] and on this one occasion or around in that same time frame, he had
touched her butt and she had . . . done likewise with him.  He admitted that that was very inappropriate,
and then admitted that he had gone to her bedroom, I believe it was, to console
her when her mother had gotten on to her. 
He had patted her on the leg, and then ran his hand up under her skirt,
but over her panties . . . and fondled her vagina [sic].  . . . When she said stop, he says that he
stopped immediately.

Appellant also told Mustgrave that he was attracted to the girl and
that the incident had happened somewhere between August 1 and August 23, 2005. 

Shawn Braun testified that he had known Appellant
since 2003 and had seen him weekly from October 2003 until September 2005.  Braun testified that on September 24, 2005,
Appellant told him that A[the complainant] came into his
room and sat down beside him.  At which
time, he put his hand on her leg and ran his hand up underneath her shorts,
touched her vagina [sic] and rubbed her vagina [sic] for sexual purposes.@

Andy Sheppard testified that he knew Appellant
and that on September 20, 2005, Appellant told him that Ahe
rubbed [the complainant=s] vagina [sic] while sitting
next to her on a bed, and he did that for a couple of seconds.@  Sheppard testified that Appellant had said
the incident occurred on Ahis bed.@








Michael Claylynn Corsey, a detective with Crimes
Against Children of the Tarrant County Sheriff=s
Office, testified that the address where the incident was reported to have
occurred is in Tarrant County.

When asked to elect the primary offense before
trial began, the State chose the Aincident
that [Appellant] admitted to where he touched the victim=s vagina
[sic] in the bedroom.@

Based on the appropriate standards of review,[2]
we hold that the evidence is legally and factually sufficient to support
Appellant=s conviction.  We therefore overrule his two points and
affirm the trial court=s judgment.

 

PER CURIAM

PANEL F:    DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED:  July 26, 2007











[1]See Tex. R. App. P.
47.4.





[2]See Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton
v. State, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005) (both providing legal
sufficiency standard of review); Watson v. State, 204 S.W.3d 404,
414-15, 417 (Tex. Crim. App. 2006); Drichas v. State, 175 S.W.3d 795,
799 (Tex. Crim. App. 2005); Sims v. State, 99 S.W.3d 600, 603 (Tex.
Crim. App. 2003); Johnson v. State, 23 S.W.3d 1, 8-9, 11-12 (Tex. Crim.
App. 2000); Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997)
(all providing factual sufficiency standard of review).